## LONGLEY v. CITY OF HUDSON.

*Action — to restrain collection of assessment — Municipal corporation — charter of Hudson — Statutory construction — discretion of officer must be based on facts — "disinterested" person — Invalid assessment.*

In an application for an injunction to restrain the sale of real estate for the non-payment of an assessment for a city sewer, *held* (following *Heywood* v. *City of Buffalo*, 14 N. Y. 534), that an action in equity will lie "where the assessment on the face of the proceedings to impose it is a valid lien on land, and extrinsic evidence is required to show its invalidity."

By the charter of Hudson, commissioners to assess the cost of sewers are authorized to assess "upon such real estate as they shall deem benefited thereby in proportion to the amount of its benefits." *Held*, that the discretion of the commissioners is not unlimited, but there must exist some fact upon which their judgment is based.

Plaintiff's lot was in a block not touched by a new sewer, or any sewer which such first-named sewer connected with. Plaintiff's lot could not be drained into it without crossing the lands of others, and such lot was already drained by another sewer. Lands belonging to a corporation lying on the same street opposite plaintiff's lot and equally benefited by the new sewer were not assessed for it. *Held*, that there was nothing to justify the assessment.

The charter of Hudson requires that there shall be appointed, as commissioners to assess for sewers improvements, three "disinterested" freeholders. The trustee of a corporation whose land was benefited equally with other land assessed, *held*, not "disinterested."

MOTION for an injunction in an action brought in Columbia county by John B. Longley against the city of Hudson, to restrain the sale of the lands of plaintiff for the non-payment of an assessment for a sewer. The material facts appear in the opinion. The motion was argued and decided at the Columbia special term February, 1874.

*John B. Longley*, plaintiff, in person.

*Ed. P. Magoun*, for defendant.

WESTBROOK, J. The plaintiff applies for an injunction to restrain the sale of his real estate, consisting of a lot of ground in the city of Hudson, for the non-payment of an assessment made thereon to defray the costs of a sewer.

VOL. IV. N. Y. REP. — 45

The lot of the plaintiff which is assessed is situated near the center of a block, which is bounded on its side by Sixth and Seventh streets, and on its front, and rear by State street and Long alley. The sewer, for the construction of which this lot is taxed, is located upon State street, and starts from the center of Fourth street, and terminates at the center of Sixth street. The sewer does not touch the block in which plaintiff's lot is located, nor does it connect with any other which does. It stops over one hundred feet from the lot of the plaintiff, and is in no wise connected with any sewer, which drains it, nor can the plaintiff in any way reach it by one to be constructed, without crossing the land of other parties. The map submitted upon the argument also shows that the lot of the plaintiff is in fact drained by a sewer upon its southerly side running through Long alley and connecting with another upon Diamond street.

It was also conceded upon the argument that Aaron C. Macy was one of the commissioners to make the assessment, and that he was an active managing trustee and director of the orphan relief association, which owned property immediately opposite that of the plaintiff.

It is further claimed by the plaintiff that the sale of the lot is irregular, because the steps pointed out by statute to collect an ordinary tax have not been taken, as required by section 45 of the charter.

The search through authorities to ascertain when an injunction can be maintained, and when not, is not very satisfactory from the great conflict of views which have been expressed. To my own judgment the existence of a wrong and the suitableness of the remedy sought, reference being had to the situation of the parties and the proper protection of their rights, should have more weight than a nice and refined criticism upon the office and effect of certain suits, which, after all, were originally but inventions of the courts to reach grievances. The rule adopted in *Heywood* v. *City of Buffalo*, 14 N. Y. 534, that an action in equity will lie "when the assessment, on the face of the proceedings to impose it, is a valid lien upon land, and extrinsic evidence is required to show its invalidity," is a reasonable one, and will be adopted in this case. The objections, to which reference has been made, can be developed only by evidence extrinsic from the proceedings, for no person could tell, without a plan of the existing sewerage, that the proposed

sewer did not benefit the property of the plaintiff, and it requires affirmative proof to show the relation which Aaron C. Macy sustained to the property assessed, and to establish that there was a failure to pursue the course which the statute points out to collect a personal tax.

It is claimed by the defendant that under subdivision 2 of section 66 of the charter the commissioners appointed for that purpose could assess the cost of the improvement "upon such real estate as they shall deem benefited thereby, in proportion to the amount of its benefits," and that this discretion is unlimited. Certainly, the language used is very broad, but it seems only reasonable that some fact should exist upon which their judgment can be based. Suppose that the commissioners had assessed lots several blocks from the proposed sewer, and which could not possibly be benefited thereby, and while assessing some had arbitrarily omitted others, would such an assessment be within the power conferred? It seems to me not, because the judgment of the commissioners would be without a single fact to uphold it. The supposed case is the one before us, so far as the sewer constructed can possibly benefit the property of the plaintiff which is assessed. There is no access from the lot to the sewer; it cannot, and does not drain the lot of the plaintiff, and while this lot is assessed, another and larger lot directly opposite (orphan asylum lot) bears no part of the burden. If it be said that the latter lot will receive no benefit from this sewer, because another sewer passing through Rope alley, Sixth street, and Prospect street, drains it, the same argument holds good in the case of plaintiff's lot, which is drained by a sewer passing through Long alley and connecting with one on Diamond street. Upon the facts I see nothing to sustain or justify this assessment.

The charter of the city of Hudson requires the appointment of "three disinterested freeholders of the city, commissioners" to assess the cost of improvements of this character. It was urged upon the argument, that Mr. Aaron C. Macy, who is a trustee and director of the corporation owning the lot designated upon the map as "Orphan Asylum lot," was one of the commissioners to make such assessment, and that he was not competent. The facts in regard to Mr. Macy were conceded upon the argument by the counsel for the defendant, but it was urged he was not disqualified by reason thereof. Upon the supposition that the commissioners had power to assess property some distance from the line of

improvement, and that one of the questions to be determined necessarily would be, whether the property of the corporation which he represented should, or should not be assessed, we do not see how he can be said to be disinterested. The property of the plaintiff was situate directly opposite that of "the orphan asylum," and manifestly the propriety of compelling that lot to bear a part of the expense must have been considered. It can hardly be claimed that upon such a question Mr. Macy could be said to be "disinterested." Doubtless the commissioner acted impartially, and according to his best judgment; and while holding him incompetent to act, by reason of the relation which he sustained to the corporation, no reflection upon him personally is intended. A precedent of this kind, however, must not be established. No individual owning property in his own right in the neighborhood of the improvement, or interested in a corporation which does, can possibly be a competent commissioner. The assessment was irregular and void, for this reason: it was made by only *two* "disinterested freeholders," when the charter required *three*.

I was at first inclined to think that the failure of the city treasurer to proceed as required by section 45 of the charter, was also fatal to the defendant. A more careful reading, however, of the charter has satisfied me that the proceeding in this respect was regular. By section 68, assessments of this character are to be collected in the manner prescribed by section 65, which section does not require the treasurer, after the expiration of his advertisement, to proceed against delinquents in the same manner that a town collector is required to act; but upon his "return to the common council of all sums remaining unpaid upon said list, and thereunder, whenever directed by the common council shall proceed to advertise and sell," etc.

The order to continue the injunction is granted on the first two grounds. The $10 costs of motion will abide event of suit.

*Motion granted.*